U-DRIVE-IT COMPANY, PLAINTIFF-APPELLEE, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-APPELLANT.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Henry H. Fryling.*

For the appellee, *Herbert A. Kuvin* and *Jacob S. Glickenhaus.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the Second Judicial District of Essex county, in which the judge, sitting without a jury, rendered judgment in favor of the plaintiff-appellee for $125 for alleged property damage to and loss of use of an automobile owned by the plaintiff and operated by a bailee, one Zimmerman. It appears that the automobile was being driven alongside of a trolley car of appellant and was some distance in advance of the trolley car; the driver of the automobile, Zimmerman, said fifteen or twenty feet; the operator of the trolley car put the distance at three or four feet. As they were thus proceeding at a rate of speed which Zimmerman said was about fifteen miles an hour, and the operator of the trolley car said was about ten or eleven miles an hour, the automobile was brought to a sudden stop in order to avoid striking a small boy who ran out from the sidewalk between two parked automobiles and in front of plaintiff's car. The trolley car struck the automobile on its left rear corner.

The appellant asserts that there is no testimony from which the negligence of the operator of its trolley car may be inferred, and that the trial judge should have nonsuited and should have directed a verdict for the defendant. From the testimony it appears that there was a question of fact as to negligence in the operation of the trolley car, inasmuch as it was testified that it was proceeding in the rear of the automobile and at a distance variously estimated at from three or four feet to fifteen or twenty feet, so that the opera-

tor of the trolley car was under a duty of exercising reasonable care in the circumstances. The trolley operator testified that he saw the boy and that he anticipated that the driver of the automobile would be required to act, and that he might turn to the left in front of the trolley car. The stop light on the automobile signaled for a stop. The operator further testified that he could stop a car at that speed in five or six feet. This testimony, coupled with the testimony of the plaintiff's driver that fifteen or twenty feet intervened between the two vehicles, raised a question of fact for the trial judge to determine.

There being testimony to support the finding, the conclusion of the trial judge upon the disputed question of fact is not subject to review. The judgment is affirmed, with costs.